UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KATHERINE H. WAGGONER, | Civil Action No. 4:21-cv-03220-TER |
| Plaintiff, | |
| v. | |
| | ORDER |
| KILOLO KIJAKAZI, | |
| Acting Commissioner of | |
| Social Security Administration, | |
| Defendant. | |

On November 14, 2019, the claimant protectively filed an application for child's insurance benefits, alleging disability beginning January 1, 2002. As required by section 202(d) of the Social Security Act, to be entitled to child's insurance benefits, the claimant must have disability that began before the attainment of age 22, September 6, 2005. 20 C.F.R. § 404.350; (Tr. 24). The record here is over 2,000 pages.

On March 25, 2022, Plaintiff filed her brief of forty-six pages containing a multitude of issues regarding allegations of errors as to opinion evaluation, the RFC, the subjective symptom evaluation, and Step Five. (ECF No. 21). On April 8, 2022, instead of filing a responsive brief, Defendant Commissioner filed a Contested Motion to Remand and emailed a proposed order. (ECF No. 23). The proposed order provided for several concerns that the Appeals Council would direct the ALJ to address on remand:

- Further evaluate Plaintiff's severe mental impairments of depression, anxiety, and bipolar disorder in accordance with the special technique described in 20 C.F.R. § 404.1520a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 C.F.R. § 404.1520a(c).
- Further evaluate whether Plaintiff's severe mental impairments met or medically equaled in severity one of the listed impairments in 20 C.F.R., Part 404, Subpart P,

> Appendix 1, during the period at issue and, **if warranted, obtain medical expert evidence in this regard.**
> - **Further evaluate the opinions of L. Randolph Waid, Ph.D, under 20 C.F.R. § 404.1520c).**
> - Give further consideration to Plaintiff's maximum residual functional capacity with appropriate rationale and specific references to evidence of record in support of the assessed limitations and**, if warranted, obtain supplemental evidence from a vocational expert** to clarify the effect of the assessed limitations on Plaintiff's occupational base.

Proposed Order (emphasis added).

The point of contention here is Dr. Waid, as well as additional VE testimony. (ECF No. 24). One of the purposes of the remand by Defendant is to address the opinion evaluation of Dr. Waid in accordance with the applicable law. Related, also one of the purposes of the remand is to address the mental Listings and "if warranted, obtain medical expert evidence" and "if warranted, obtain supplemental evidence from a [VE]." However, Plaintiff requests that the court specifically mandate the Commissioner: provide another ALJ hearing, allow Dr. Waid to testify, and take VE testimony. (ECF No. 24).

## Legal Standard

There are very few cases nationwide addressing contested motions to remand in social security cases. The District of New Jersey in March 2022 recently laid out the legal standard for when a motion to remand is not contested based on remand versus reversal for benefits but is contested on specific issues:

> This is an unusual case. In general, when reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 208 n.10 (3d Cir. 2019); *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence has been defined as "more than a mere scintilla," meaning "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In addition to the "substantial evidence" inquiry, the reviewing court must also determine whether the ALJ applied the correct

legal standards. *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983). The Court's review of legal issues is plenary. *Mitton v. Comm'r of Soc. Sec.*, 670 Fed. Appx. 754, 755 (3d Cir. 2016) (*citing Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012)). **However, in this case, both the Commissioner and Plaintiff support remand due to erroneous decisions by the ALJ. Conflict arises regarding the necessity of explicit instructions for review of both errors alleged by Plaintiff on remand.**

Pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g). When a case is remanded, the Appeals Council, on behalf of the Commissioner, may assume responsibility for a decision, dismiss the proceedings, or remand the case to an ALJ with instructions to issue a decision or return the case to the Appeals Council with a recommended decision. 20 C.F.R. § 404.983.

The Social Security Administration's HALLEX provides that "[i]f the Appeals Council (AC) remands a case to the hearing level after a court remand, **it generally vacates the entire administrative law judge (ALJ) decision, and the ALJ must consider all pertinent issues de novo**." HALLEX § I-2-8-18. Courts may, in certain instances, remand for reconsideration of particular steps in the disability determination when there is no showing that a ruling for a prior step was erroneous. *Gomez v. Comm'r of Soc. Sec.*, No. 08-4499, 2009 WL 2222797 (D.N.J. July 21, 2009); *Butterfield v. Astrue*, No. 06-0603, 2010 WL 4027768, 2010 U.S. Dist. LEXIS 109517 (E.D. Pa. Oct. 12, 2010). On appeal, the ALJ must "take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). When an ALJ or administrative appeals judge issues a decision following remand by a federal court for further consideration, such decision will become the final decision of the Commissioner. *Id.* § 404.984. Disagreements with the hearing decision issued pursuant to 20 C.F.R. § 404.983(c) may be appealed to the Appeals Council. *Id.*

*Yolyemal H. v. Comm'r,* No. CV 20-19755 (RMB), 2022 WL 901466, at *3 (D.N.J. Mar. 28, 2022)(emphasis added). Section 405(g) gives discretion to the court as to whether to remand the cause specifically for a rehearing. 42 U.S.C. § 405(g).

3

## Analysis

Plaintiff notes that Dr. Waid submitted a letter dated September 2019 (Tr. 904-905) and a more detailed opinion in December 2020. (Tr. 2149-2167). Plaintiff specifically argues "Dr. Waid should be allowed to testify on remand to defend his opinions." (ECF No. 24 at 3).[1]

Both parties agree remand is necessary due in part to the evaluation of Dr. Waid's opinion and other issues. The approach taken in *Wilfredo M. v. Comm'r,* No. CV 20-07212 (RBK), 2021 WL 5770260, at *4 (D.N.J. Dec. 6, 2021) is instructive here. In *Wilfredo M.*, the court rejected the need for the court to "referee the scope of a voluntary remand order," and, therefore, declined to include the language requested by the plaintiff verbatim. *Id.* (quoting *Troy D. v. Comm'r.*, No. 17-235, 2018 WL 1509022 at *2 (D. Vt. Oct. 18, 2018)). It would be a waste of judicial resources for a court to consider substantive arguments where both parties were seeking remand. *Id.* The court there noted it would not "order" or "mandate" another hearing, but that the Commissioner "may" conclude that a new hearing was warranted and would be able to conduct one. *Id.* Similarly, in *Rockriver v. Colvin*, the court found no reason to specifically address or resolve additional issues raised by the plaintiff, as all additional issues could be raised and considered pursuant to remand under sentence four of 42 U.S.C. § 405(g). *Rockriver v. Colvin*, 2016 WL 5957567, at *1 (M.D.N.C. Oct. 12, 2016). Therefore, this Court finds that remand will offer sufficient opportunity for further consideration of the issues raised by Plaintiff. *See* HALLEX § I-2-8-18.

The proposed order by the Commissioner is broad enough as to the evaluation of Dr. Waid's opinion, as to a medical expert as to the Listings issue, and as to Step Five to accommodate the ALJ's discretion of whether to request Dr. Waid's testimony and as to whether to take

---

[1] The undersigned has reviewed hundreds if not thousands of hearing testimony records from SSA appeals in the course of his duties. There are very few, if any, instances of a treating provider testifying at such a hearing in South Carolina or nationwide from research of case databases. The regulations do not provide a standard mechanism for treating providers to "rebut" the ALJ's evaluation of the opinions. 20 C.F.R. § 404.1520c(a)§ 416.920c(a).

additional VE testimony at a supplemental hearing. *See also Fox v. Colvin*, No. 15-6416, 2016 WL 2889030, at *2 (N.D. Ill. May 17, 2016) ("[B]y including other language that specifically orders the ALJ on remand to <u>consider certain specific evidence and/or witnesses</u>, the order that plaintiff requests would suggest that this Court has decided on the merits that consideration of those matters is required – which, of course, we have not done."); *see also* HALLEX II-5-1-3, 1-2-6-60(A)(the ALJ determines the subject, scope, how, and when of witness testimony).

## **Conclusion**

Given the procedural posture of this case, a full review of the record has not been conducted, and the Commissioner has not filed a brief on the merits, electing instead to seek remand. Thus, the court's review of the Commissioner's decision is limited. Remanding the case will allow Plaintiff to pursue his claims at the administrative level and still appeal an unfavorable decision, if one is rendered, to this court. The Commissioner has requested remand, and, considering the scope of this court's review of the agency's decision, Plaintiff's arguments in opposition are not[2] persuasive. For the foregoing reasons, the Commissioner's Contested Motion to Remand Under Sentence Four of 42 U.S.C. § 405(g) (ECF No. 23) is GRANTED. The Commissioner's decision is VACATED pursuant to sentence four of 42 U.S.C. § 405(g) and the case is REMANDED for further administrative proceedings for the Appeals Council to direct the ALJ, <u>including but not limited to</u>[3]:

- Further evaluate Plaintiff's severe mental impairments of depression, anxiety, and bipolar disorder in accordance with the special technique described in 20 C.F.R. § 404.1520a, documenting application of the technique in the decision by providing

---

[2] Nothing in this order should be read as further limiting the scope of the issues to be considered on remand. Additionally, nothing in this order is meant to suggest that any one of the ALJ's prior findings was expressly erroneous. As noted above, we have not assessed the merits of Plaintiff's claims regarding the deficiencies of the ALJ's prior decision in this case. *See e.g. Wilfredo M. v. Comm'r*., No. CV 20-07212 (RBK), 2021 WL 5770260, at *4 (D.N.J. Dec. 6, 2021).

[3] In Plaintiff's brief, Plaintiff raises a multitude of allegations of errors. (ECF No. 21).

- specific findings and appropriate rationale for each of the functional areas described in 20 C.F.R. § 404.1520a(c).
- Further evaluate whether Plaintiff's severe mental impairments met or medically equaled in severity one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1, during the period at issue and, if warranted, obtain medical expert evidence in this regard.
- Further evaluate the opinions of L. Randolph Waid, Ph.D, under 20 C.F.R. § 404.1520c).
- Give further consideration to Plaintiff's maximum residual functional capacity with appropriate rationale and specific references to evidence of record in support of the assessed limitations and, if warranted, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base.

This case is herby closed on the court's docket.

May 5, 2022
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge